UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER J. LONG,

        Petitioner,

v.                                             Case No. 17-cv-558-pp

DOUGLAS PERCY,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING THE RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND**

On April 19, 2017, Peter J. Long, who is proceeding without a lawyer, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his August 23, 2013, judgment of conviction in Washington County Circuit Court for his eighth operating while intoxicated offense. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.  Background**

The petitioner pled guilty after the court denied his motion to suppress, and the court sentenced him to a ten-year bifurcated sentenced (five years prison and five years extended supervision) on August 22, 2013. Dkt. No. 1-1 at 2. The petitioner filed a direct appeal, arguing that the circuit court erred in

1

denying his motion to suppress. Id. at 3. The Wisconsin Court of Appeals affirmed the judgment of conviction on December 23, 2014, and denied the petitioner's motion for reconsideration. Id.; Dkt. No. 1-1 at 18. The Wisconsin Supreme Court denied his petition for review on May 11, 2015. Dkt. No. 1 at 3.

The petitioner returned to the circuit court on a Wis. Stat. §974.06 motion on August 12, 2015, seeking to withdraw his guilty plea. Id. at 4. The circuit conducted a Machner hearing on January 8, 2016 and heard from two witnesses: petitioner's trial counsel and his appellate counsel. Id.; Dkt. No. 1-1 at 18. The petitioner did not testify. Id. at 19. The circuit court denied his §974.06 motion on May 17, 2016. Dkt. No. 1 at 4. The Wisconsin Court of Appeals affirmed the appeal from the circuit court's order on February 22, 2017. Dkt. No. 1-1 at 26. The Wisconsin Supreme Court denied his petition for review on April 10, 2017. Dkt. No. 1-1 at 36.

## II.    Rule 4 Screening

### A.    Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the

2

petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

3

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B. The Petition

The petitioner alleges four grounds for relief: (1) Wis. Stat. §346.65(2) violates the *ex post facto* clause by including previously adjudicated traffic violations in its "offense count"; (2) Wis. Stat. §346.65(2) violates the due process clause; (3) the state courts violated his due process rights by failing to apply Supreme Court case law to his "warrantless, nonconsensual blood draw"; and (4) ineffective assistance of counsel. Dkt. No. 1 at 6-37. The petitioner argues that the escalating penalty scale of Wisconsin's OWI statute, Wis. Stat. §346.65(2) violates the *ex post facto* clause and his due process rights because it changed the law to increase penalties based on the total lifetime number of convictions. Previously the statute counted the total number of suspensions, revocations and convictions over a five-year period. City of Eau Claire v. Booth, 370 Wis. 2d 595, 612 (2016). The petitioner also argues that the failure to obtain a warrant for the blood draw—after he refused to submit to the draw—violated Missouri v. McNeely, 569 U.S. 141 (2013) (holding that the natural metabolization of alcohol does not present a *per* se exigency that justifies and exception to the Fourth Amendment's search warrant requirement for nonconsensual blood testing in all drunk-driving cases).

Finally, the petitioner's ineffective assistance arguments focus on trial and appellate counsel. With respect to trial counsel, the petitioner argues that counsel failed to: (1) raise the issue of the warrantless blood draw; (2) raise the

4

Community Caretaker Function argument; (3) challenge the lack of reasonable suspicion for the stop; (4) challenge the lack of probable cause for the arrest; and (5) call as a witness the woman who made the anonymous phone call to the police regarding the petitioner. According to the petitioner, appellate counsel failed to raise the blood draw issue because counsel mistakenly thought the petitioner had consented and that appellate counsel failed to argue trial counsel's ineffectiveness.

The petitioner has stated cognizable constitutional claims. He filed his petition within the one-year limitations period. The court's preliminary review indicates that he appears to have exhausted his claims either on direct review or in the context of his Wis. Stat. §974.06 proceedings (although this does not preclude the respondent from arguing otherwise if he believes the facts warrant it). Put another way, the court cannot say that it plainly appears that the petitioner is not entitled to relief.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

5

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of

6

this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 21st day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**